IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH

| | |
|---|---|
| ANDREW D. and S.D.,<br><br>                      Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, ORACLE AMERICA IND., and the ORACLE AMERICA IND. FLEXIBLE BENEFIT PLAN,<br><br>                      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY<br><br>Case No. 4:25-cv-00007-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

The matter is before the Court on Plaintiffs' Motion to Proceed Anonymously.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiffs Andrew D. and S.D. filed ERISA claims against Defendants arising from Defendants' denial of benefits for S.D.'s care.[2] S.D. was a minor at the time this claim accrued. Andrew D. is S.D.'s parent.[3] To prove the elements of this claim, the evidence presented will include S.D.'s medical records and information about S.D.'s history as a minor, including S.D.'s struggles with depression, ADHD, poor academic performance, theft, avoidant and oppositional behaviors, anger outbursts, suicidal ideation, and risky sexual behaviors with strangers.[4]

---

[1] Docket No. 6, filed February 7, 2025.

[2] Docket No. 1.

[3] *Id.*

[4] *Id.*; Docket No. 6, at 2.

1

## II. DISCUSSION

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties,"[5] and Rule 17(a)(1) requires an action to be "prosecuted in the name of the real party."[6] Rule 5.2(a)(3) requires a minor to be identified only by initials unless the court orders otherwise.[7] Accordingly, "[t]he use of pseudonyms concealing [adult] plaintiffs' real names has no explicit sanction in the federal rules."[8] However, the Tenth Circuit has adopted a test for identifying "exceptional circumstances" when "some form of anonymity is warranted" because an individual's privacy interest outweighs the public's interest in judicial openness.[9] To qualify as an exceptional circumstance, a case must involve (1) a matter "of a highly sensitive and personal nature," (2) a matter with "real dangers of physical harm," or (3) a matter "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[10] The trial court has discretion to allow plaintiff anonymity "in light of the relevant facts and circumstances of the particular case."[11]

While Rule 5.2(a)(3) does not explicitly allow anonymous filings for adult plaintiffs, courts treat plaintiffs who were minors when their claims accrued differently[12] because society

---

[5] Fed. R. Civ. P. 10(a).

[6] Fed. R. Civ. P. 17(a)(1).

[7] Fed. R. Civ. P. 5.2(a)(3).

[8] *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998); *see also Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[9] *Femedeer*, 227 F.3d at 1246.

[10] *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (internal quotation marks omitted and numbers added).

[11] *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

[12] *See M.V. v. United Healthcare Ins. Co.*, No. 2:23-CV-00459-JNP-JCB, 2025 WL 463308, at *2 (D. Utah Feb. 11, 2025); *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017); *Doe v. Lewis Roca*

has a "transcendent interest"[13] in "safeguarding the physical and psychological well-being of a minor."[14] In addition, since "minors often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them," they may make choices "during the formative years of childhood and adolescence"[15] that could burden them as adults.[16]

Rule 5.2(a)(3) recognizes this public interest in safeguarding children by protecting minor anonymity; the spirit of Rule 5.2(a)(3) would be violated by making a minor's personal information publicly available.[17] Accordingly, a plaintiff's minority status is at all times relevant and a consensus of district courts favor permitting anonymity for plaintiffs who were minors at claim accrual.[18] In preserving minor anonymity, the overwhelming majority of district courts also allow anonymity for parents acting as co-plaintiffs with minors or individuals who were

---

*Rothgerber Christie LLP*, No. 1:20-CV-01265-KWR-LF, 2021 WL 1026702, at *2 (D.N.M. Mar. 17, 2021); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018); *William H. v. United Healthcare Ins. Co.*, No. 2:24-CV-00531, 2025 WL 441791, at *2 (D. Utah Feb. 10, 2018); *Poe v. Drummond*, No. 23-CV-177-JFH-SH, 2023 WL 4560820, at *3 (N.D. Okla. July 17, 2023); *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 09-CV-686S, 2012 WL 42248, at *3 (W.D.N.Y. Jan. 9, 2012); *J.W. v. D.C.*, 318 F.R.D. 196, 199 (D.D.C. 2016).

[13] *Maryland v. Craig*, 497 U.S. 836, 855 (1990) (citing *Ginsberg v. State of N.Y.*, 390 U.S. 629, 640 (1968)).

[14] *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 607 (1982).

[15] *Bellotti v. Baird*, 443 U.S. 622, 635 (1979).

[16] *See M.V.*, 2025 WL 463308, at *2 ("[C]ourts recognize the appropriateness of preventing the names of children from being disclosed past the date they reach majority, particularly where they may be burdened in adulthood by their actions as minors."); *see also Doe*, 2017 WL 3839416, *11; *N.E. v. Blue Cross Blue Shield of N.C.*, No. 1:21CV684, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24, 2023).

[17] *See M.V.*, 2025 WL 463308, at *2.

[18] *See supra* note 12.

minors at claim accrual because identifying a minor's parents effectively disposes of minor anonymity.[19]

In addition, medical records, a category of "highly sensitive and personal" information, are statutorily protected by the Health Insurance Portability and Accountability Act ("HIPAA"). The need to keep "individually identifiable health information" protected under HIPAA weighs in favor of allowing anonymity for plaintiffs whose medical records must be disclosed during litigation.[20]

The Court grants Plaintiffs' Motion to Proceed Anonymously in this case because (1) Rule 5.2(a)(3) intends to protect the heightened privacy needs of minors, (2) Plaintiffs' interest in proceeding anonymously outweighs the public interest in judicial openness according to the factors set forth by the Tenth Circuit, and (3) Andrew D. and S.D.'s identities are known to Defendants.

First, in proving their claim, Plaintiffs will offer evidence that shows how S.D.'s health conditions impacted S.D.'s life while S.D. was still a minor. Plaintiffs intend to show a connection between S.D.'s health conditions and S.D.'s decisions that, if exposed publicly, may further burden S.D. as an adult. The evidence offered by Plaintiffs will include evidence of S.D.'s struggles with depression, ADHD, poor academic performance, theft, avoidant and oppositional behaviors, anger outbursts, suicidal ideation, and risky sexual behaviors with strangers.[21] The spirit and intent behind Rule 5.2(a)(3) weigh in favor of protecting S.D. by allowing S.D. to

---

[19] *See, e.g.*, *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 09-CV-686S, 2012 WL 42248, at *3 (W.D.N.Y. Jan. 9, 2012) ("[T]here is no public interest in identifying the minor child or the parent bringing suit on behalf of the child, whose identity, if disclosed, could jeopardize the child's confidentiality. Indeed, this issue is settled in this District."); *J.W.*, 318 F.R.D. at 199.

[20] 42 U.S.C. § 1320d-6(a)(3).

[21] Docket No. 1; Docket No. 6, at 2.

proceed anonymously. The link between S.D.'s anonymity and Andrew D.'s anonymity weighs in favor of allowing Andrew D. to proceed anonymously because requiring Andrew D. to proceed as a named plaintiff would render ineffective an order allowing S.D. to proceed anonymously by effectively disposing of S.D.'s anonymity.

Second, Plaintiffs must offer evidence of a "highly sensitive and personal nature" to prove their claim, including health records and other documents showing S.D.'s mental, physical, and emotional health while a minor. Physical and mental health records are sensitive and personal by nature and are protected under HIPAA, which weighs in favor of allowing Plaintiffs to proceed anonymously.

Third, the identities of Andrew D. and S.D. are known to Defendants. Accordingly, allowing them to proceed anonymously would not prejudice Defendants.

In sum, the public interest in knowing Andrew D. and S.D.'s identities is small compared to both the individuals' interests in privacy and the public's interest in protecting minors. Thus, the Court concludes that Plaintiffs should be allowed to proceed anonymously.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Proceed Anonymously (Docket No. 6) is GRANTED. Within fourteen (14) days, Plaintiff must file under seal with the Court a document containing Andrew D. and S.D.'s full names. The filing shall remain under seal unless otherwise ordered.

DATED this 27th day of March, 2025.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge